UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:16CR051-DMB

THOMAS MUHAMMED DARWISH

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

   1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count Three of the Indictment, which charges that he did knowingly using facilities and means of interstate commerce, being cellular telephone and internet communications, persuade, induce, entice, and attempt to persuade, induce, entice an individual who had not then attained the age of 18 years of age, being a 15 year old minor, to engage in illicit sexual relations, in violation of Title 18, United States Code, Sections 2422(b), which carry maximum possible penalties of not less than 10 years and not more than life imprisonment, not more than $250,000 fine, not less than 5 years and not more than life supervised release, a mandatory special assessment of $100, and a special assessment of $5,000.

2.    OTHER CHARGES:   The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and agrees to dismiss all other counts of the Indictment as to this defendant upon conclusion of sentencing on Count Three.

3.    OTHER AUTHORITIES:   This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.   Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

4.    NO CONTACT AGREEMENT:   The defendant agrees that the Court should order, as a part of the judgment and conditions of supervised release, that he shall have no contact with, and not attempt to contact, the victim or the victim's family during his incarceration or the subsequent term of supervised release.

5.    VIOLATIONS OF THIS AGREEMENT:   If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.   Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6.    ACKNOWLEDGMENTS:   Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty.   This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney.   The

defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the ____1st____ day of ____November____, 20__16__ .

_____
FELICIA C. ADAMS
United States Attorney

AGREED AND CONSENTED TO:      APPROVED:

_____   _____
THOMAS MUHAMMED DARWISH     GREGORY S. PARK
                                           Attorney for Defendant
                                           Mississippi Bar No. 9419