

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF MISSISSIPPI

3

4                              )
5    United States of America,  )
     Plaintiff,                 )
6                               )
     VS.                        ) **Cause No. 3:16cr51**
7                               )
     Thomas Muhammad Darwish,   ) Greenville, Mississippi
8    Defendant.                 ) 11/10/2016
                                ) 11:00 a.m.
9                               )

10              Change of Plea Hearing
          Before the Honorable Debra M. Brown
11           United States District Judge
               Greenville, Mississippi
12

13

14
     APPEARANCES LISTED ON FOLLOWING PAGE
15

16

17

18

19   REPORTED BY:  Susan L. Alford, RPR, CSR #1229

20

21

22

23

24

25

```
 1                        APPEARANCES

 2   For the Plaintiff:
     Paul Roberts, Esq.
 3   U.S. ATTORNEY'S OFFICE
     900 Jefferson Avenue
 4   Oxford, MS 38655-3608
     (662) 234-3351
 5   Email: paul.roberts@usdoj.gov

 6   For the Defendants:
     Scott Davis, Esq.
 7   Federal Public Defender's Office
     Northern District of Mississippi
 8   1200 Jefferson Avenue, Suite 100
     Oxford, MS 38655
 9   (662) 236-2889
     Fax: (662) 234-0428
10   Email: scott_davis@fd.org

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1              (November 10, 2016, Greenville, Mississippi, Change of Plea Hearing, USA v. Darwish.)

2              (Call to order of the Court)

3         THE COURT:  You may call the docket.

4         THE COURTROOM DEPUTY:  The Court calls case

5  number 3:16CR51, *United States of America versus Thomas*

6  *Muhammad Darwish.*

7         THE COURT:  This is a change of plea

8  hearing as to Count Three of the indictment.  Would

9  counsel, please, introduce themselves for the record,

10  starting with government.

11         MR. ROBERTS:  Paul Roberts for the

12  government.

13         MR. DAVIS:  Scott Davis for the defendant.

14         THE COURT:  And from probation?

15         PROBATION OFFICER:  Yes, Your Honor.  Kelly

16  Middleton.

17         THE COURT:  Are you all ready to proceed?

18         MR. ROBERTS:  Government is ready.

19         THE COURT:  Please, come forward.  You may

20  administer the oath to the defendant.

21         (Oath administered.)

22    Q.  Mr. Darwish, do you understand that you are now

23  under oath and if you answer any question I ask you

24  untruthfully or falsely, that untruthful or false answer

25  may later be used against you in a prosecution of

1  perjury or making a false statement.

2      A.   Yes, Your Honor.

3      Q.   Do you understand you have the right to remain

4  silent and not answer any of my questions.

5      A.   Yes, Your Honor.

6      Q.   The court is advised that you wish to change

7  your plea to Count Three of the indictment; is that

8  correct?

9      A.   Yes, Your Honor.

10     Q.   Is it also correct you wish to do so pursuant

11 to a Plea Agreement with the government?

12     A.   Yes, Your Honor.

13     Q.   Mr. Darwish, there are certain questions I must

14 ask you so I make sure you are fully informed of your

15 rights and that you understand your rights and this

16 proceeding.  There will be a number of questions that

17 begin with "do you understand."  I'll ask you to bear

18 with me as we go through them and listen to each

19 question because your responses will absolutely

20 determine whether or not the Court decides whether or

21 not to accept your plea.

22          During all of this questioning, if you at

23 any point want to speak with your attorney, you can do

24 so.  Also, if you do not understand any of my questions,

25 let me know and I will clarify the question for you.

1          So we are clear?

2     A.   Yes, Your Honor.

3     Q.   What is your full name?

4     A.   Thomas Muhammad Darwish.  I'm 25.

5     Q.   How many years of school have you completed?

6     A.   All high school and one year of college.

7     Q.   One year of college.  Are you presently under

8 the influence of any drugs, medicine, or alcohol?

9     A.   No, Your Honor.

10     Q.   Have you ever been treated for any mental

11 illness or addiction to drugs of any kind?

12     A.   I've never been -- what is it called when you

13 go to -- I never went to a professional to be --

14     Q.   You never had any psychological or psychiatric

15 evaluation; is that what you are looking for?

16     A.   Yeah.

17     Q.   You have not ever?

18     A.   No.

19     Q.   You haven't received any treatment independent

20 of any formal evaluation either; is that right?

21     A.   No, Your Honor.

22     Q.   Do you suffer from any mental condition or

23 disability that would affect your ability to understand

24 the charges against you or the consequences of a guilty

25 plea?

1      A.   No, Your Honor.

2           THE COURT:  Mr. Davis, have you spoken with

3    the defendant today and earlier about this proceeding

4    and what will happen today?

5           MR. DAVIS:  Yes, Your Honor.

6           THE COURT:  Is counsel for defendant of

7    record Mr. Park, and you are here in his steed?

8           MR. DAVIS:  Yes, Your Honor.

9           THE COURT:  Do have -- go ahead.

10          MR. DAVIS:  I have sat in on some of the

11   meetings with Mr. Park and Mr. Darwish in advance of

12   today's hearing.

13          THE COURT:  Do you have any questions or

14   concerns about the defendant's competency to enter a

15   plea.

16          MR. DAVIS:  I have no concerns, Your Honor.

17          THE COURT:  What about Mr. Roberts?

18          MR. ROBERTS:  Your Honor, I have no reason

19   to doubt his competency.

20          THE COURT:  Given these responses, as well

21   as the Court's own observations, the Court finds the

22   defendant is competent to enter a plea.

23   BY THE COURT:

24      Q.   Mr. Darwish, have you received a copy of the

25   indictment pending against you in this case?

1      A.   Yes, Your Honor.

2      Q.   Have you fully discussed the charge in the

3  indictment and the case, in general, with your attorney?

4      A.   Yes, Your Honor.

5      Q.   In Count Three of the indictment, you are

6  charged with enticing and attempting to entice, using a

7  cell phone and Internet, a 15-year old minor to engage

8  in illicit sexual relations, in violation of Title 18,

9  USC, Section 2422(b).

10              Would you like the indictment to be read?

11              THE COURT:  Or is reading waived, Mr.

12  Davis?

13              MR. DAVIS:  We waive formal reading, Your

14  Honor.

15  BY THE COURT:

16      Q.   Mr. Darwish, before you could be found guilty

17  of the charges in Count Three of the indictment, the

18  government would have to prove certain elements against

19  you beyond a reasonable doubt.

20              THE COURT:  Mr. Roberts, would you please

21  advise the defendant of these elements.

22              MR. ROBERTS:  Your Honor, the government

23  would have to prove, first, that the defendant knowingly

24  persuaded or induced or enticed or attempted to

25  persuade, induce, or entice an individual to engage in

1   sexual activity; second, that he used interstate or

2   interstate commerce to do so; third, that he believed

3   the victim was less than 18 years of age; fourth, that

4   had sexual activity occurred, the defendant could be

5   charged with the criminal offenses of either statutory

6   rape or sexual battery of a minor under the laws of the

7   state of Mississippi.

8   BY THE COURT:

9       Q.   Mr. Darwish, having heard the elements that the

10  government would have to prove against you beyond a

11  reasonable doubt, do you have any questions about them?

12      A.   No, Your Honor.

13      Q.   Do you have any question, in general, about the

14  nature of the charges as to Count Three as read by the

15  government's counsel?

16      A.   No, Your Honor.

17      Q.   Next, I'm going to advise you of the possible

18  maximum penalties applicable to your case.

19               As to Count Three, they are imprisonment

20  for not less than 10 years and not more than life,

21  supervised release for not less than five years and not

22  more than life, a fine of not more than $250,000, a $100

23  mandatory special assessment, and an additional special

24  assessment of $5,000.

25               If you are sentenced to serve time in

1  prison, Mr. Darwish, do you understand that you may be

2  subject to supervised release for a number of years

3  after your release from prison?

4      A.  Yes, Your Honor.

5      Q.  Do you also understand that if you violate one

6  or more of the conditions of supervised release, you may

7  be returned to prison for all or part of the supervised

8  release term?

9      A.  Yes, Your Honor.

10     Q.  With respect to the penalties that the Court

11 has advised you of, do you understand all of them?

12     A.  Yes, Your Honor.

13         THE COURT:  With respect to the Plea

14 Agreement that the defendant entered into with the

15 government that was mentioned at the outset, Mr.

16 Roberts, would you please state into the record its

17 substance.

18         MR. ROBERTS:  Your Honor, the defendant

19 agrees to plead guilty to Count Three of the indictment

20 with the charges the Court just explained.

21         The United States agrees not to charge the

22 defendant with any other offense arising from or related

23 to that charge and to dismiss the remaining counts of

24 the indictment upon conclusion of sentencing.

25         The plea agreement does not bind any

1   prosecuting authority of state or federal district nor

2   does it bind the Attorney General in regard to tax

3   matters, criminal or civil.  It also does not bind the

4   United States or any of its departments or agencies in

5   regard to civil or administrative actions or remedies.

6               Finally, there is a no contact agreement.

7   The defendant agrees that the Court should order as part

8   of the judgment and conditions of supervised release

9   that he shall have no contact with and not attempt to

10  contact the victim or victim's family during his

11  incarceration or subsequent term on supervised release.

12              I do want to make one point about this

13  issue.  I have had conversations with the victim and her

14  parents.  And she is a 15-year-old girl.  And this --

15  Mr. Darwish is her first love.  She is a little

16  concerned that this will prevent them from having

17  contact in the future.  But I wanted to -- and I

18  explained to her and her family that I wanted to put

19  this in place so that if that contact were desired later

20  on that she would be able to initiate it rather than the

21  defendant.

22              THE COURT:  All right.

23              MR. ROBERTS:  So that's why I phrased it

24  like that.  I don't know if that makes any sense, Your

25  Honor.  But I tried to accommodate their wishes.

1        THE COURT:  I understand.

2        MR. ROBERTS:  Your Honor, the defendant

3 agrees if he violates the Plea Agreement, statements

4 made by him pursuant to the Plea Agreement will be

5 admissible against him, and he waives the provisions of

6 the Rules of Criminal Procedure and Evidence, which

7 would make such statements inadmissible.

8        He also recognizes if he violates the Plea

9 Agreement, he could be prosecuted for all federal

10 offenses committed, including false statements and

11 perjury.

12        There is an acknowledgement, Your Honor, in

13 which the defendant acknowledges that other than being

14 advised of the guidelines and the details in the plea

15 documents, no other promise or representation has been

16 made to him as to what punishment the Court might impose

17 if it accepts his guilty plea; that the agreement and

18 the plea documents reflect all promises, agreements, and

19 understandings between him and the U.S. Attorney; that

20 his plea agreement is free, knowing, and voluntary and

21 is not product of force, threat, or coercion; that he is

22 pleading guilty because he is, in fact, guilty of

23 charge.

24        I would note, Your Honor, in the Plea

25 Supplement, there is a Rule 11(c)(1)(C) agreement.

1   There is a mandatory minimum of 10 years.  The parties

2   agree in the Plea Supplement, pursuant to 11 (C)(1)(c)

3   that the term of incarceration in this case be a term of

4   120 months or 10 years.  Basically, we are right at that

5   mandatory minimum and agreeing that should be the

6   appropriate sentence, realizing should the Court reject

7   that, the defendant will have the right to withdraw his

8   guilty plea and proceed accordingly.

9             THE COURT:  All right.  As you stated, this

10  agreement that the parties have come to is based on the

11  mandatory minimum?

12            MR. ROBERTS:  Yes, Your Honor.

13  BY THE COURT:

14     Q.   Mr. Darwish, having heard the government's

15  counsel state his understanding of the agreement that

16  you entered into with the government, did he accurately

17  state it as you understand it to be?

18     A.   Yes, Your Honor.

19     Q.   If you have a copy of the Plea Agreement and

20  the Plea Supplement there with you, would you take a

21  look at both of them and, please, confirm for me that

22  the signature on both of those documents is, indeed,

23  your signature.

24            (The defendant complied.)

25     A.   Yes, Your Honor.

1    Q.   Did you have the opportunity to read and

2  discuss the contents of the Plea Agreement and Plea

3  Supplement with your attorney before you signed them?

4    A.   Yes, Your Honor.

5    Q.   Do you understand the terms of the Plea

6  Agreement and Plea Supplement?

7    A.   Yes, Your Honor.

8    Q.   I want to ask you, in particular with regard to

9  that term of the Plea Supplement that is based upon your

10  agreement with the government about the minimum sentence

11  that you all agreed to, do you understand that if I

12  choose not to follow that provision that you all have

13  agreed to -- because it is the Court's discretion

14  whether or not to accept it -- that I will give you an

15  opportunity to withdraw your guilty plea.  But that if I

16  choose not -- but if you -- excuse me.  I'm going to

17  start all over again and break this up.

18        You understand that the Court is not bound

19  to follow that provision as to the amount of your

20  sentence, right?

21    A.   Yes, Your Honor.

22    Q.   And if the Court does not -- chooses not to

23  accept it, then I'm going to give you the opportunity to

24  withdraw your guilty plea.  Do you understand that?

25    A.   Yes, Your Honor.

1    Q.   Once I give you an opportunity to withdraw your

2 guilty plea, if I choose not to follow that term, if you

3 do not withdraw your guilty plea, then do you understand

4 that the Court can impose a more severe sentence than

5 what you agreed to with the government?

6    A.   Yes, Your Honor.

7          THE COURT:  With respect to the Plea

8 Agreement and Plea Supplement, Mr. Davis, did you

9 discuss either with Mr. Park or separately the Plea

10 Agreement and Plea Supplement with the defendant before

11 he signed them?

12          MR. DAVIS:  Yes, Your Honor.

13          THE COURT:  Were the facts of the case and

14 everything the government has relative to the case

15 discussed with the defendant?

16          MR. DAVIS:  Yes, Your Honor.

17          THE COURT:  Based on this, do you believe

18 that the defendant has entered into this plea freely and

19 voluntarily with full knowledge of the charges and the

20 consequences of the plea?

21          MR. DAVIS:  I do, Your Honor.

22          THE COURT:  If you all would, please,

23 provide the original copy of the Plea Agreement and Plea

24 Supplement to the courtroom deputy.

25          (Mr. Roberts complied.)

1              The Plea Agreement will be filed and the

2    Plea Supplement will be filed under seal.

3    BY THE COURT:

4        Q.   Mr. Darwish, excluding your agreement with the

5    government as to the terms of the sentence that you all

6    agreed to -- which, of course, you understand the Court

7    does not have to accept -- has anyone made promises to

8    you as to what sentences you will receive as result of

9    your plea?

10       A.   No, Your Honor.

11       Q.   Do you understand that the offense to which you

12   are pleading guilty is felony offense and that, if your

13   plea is accepted, you will be adjudged guilty of that

14   offense and that such adjudication may deprive you of

15   valuable civil rights, such as the right to vote, the

16   right to hold public office, the right to serve on a

17   jury, and the right to possess any kind of firearm

18   whatsoever?

19       A.   Yes, Your Honor.

20       Q.   Do you also understand that a conviction for

21   this offense will likely result in substantial future

22   restrictions on where you live or work or with whom you

23   associate?

24       A.   Yes, Your Honor.

25       Q.   Do you also understand that a conviction for

1  this offense will likely subject you to register as a

2  sex offender in the state where you live or work?

3      A.   Yes, Your Honor.

4      Q.   In the Sentencing Reform Act of 1984, United

5  States Sentencing Commission has issued guidelines for

6  judges to follow in determining the sentence in a

7  criminal case.  These guidelines are now only advisory,

8  meaning the Court does not have to follow them at all.

9           Let me, first, ask you whether or not you

10 and your attorney have talked about how the sentencing

11 guidelines might apply to your case?

12     A.   Yes, Your Honor.

13     Q.   Do you understand that Court will not be able

14 to determine the guideline sentence until after the

15 presentence report has been completed and you and your

16 counsel and the government have had an opportunity to

17 review that report and, if you like, challenge the

18 reported facts or the application of the guidelines to

19 your case?

20     A.   Yes, Your Honor.

21     Q.   Do you also understand that after your

22 guideline range has been determined, the Court has the

23 authority in some circumstances to depart upward or

24 downward from the guideline sentence, meaning that the

25 Court could impose a sentence that is either more severe

1  or less severe than what is called for by the

2  guidelines?

3      A.   Yes, Your Honor.

4      Q.   Do you understand that, regardless of the

5  guideline's range, the Court may sentence you to a term

6  of imprisonment for up to the maximum time allowed by

7  law?

8      A.   Yes, Your Honor.

9      Q.   Do you understand that the sentence imposed may

10  be different from any estimate your attorney may have

11  given you?

12      A.   Yes, Your Honor.

13      Q.   Do you also understand that parole has been

14  abolished and that, if you are sentenced to a term of

15  imprisonment, you will not be released on parole?

16      A.   Yes, Your Honor.

17      Q.   Do you understand that under some

18  circumstances, you or the government may have the right

19  to appeal any sentence that I impose?

20      A.   Yes, Your Honor.

21      Q.   Mr. Darwish, I'm next going to ask the

22  government to -- the government's attorney, rather, to

23  state the facts the government would be prepared to

24  prove at trial if your case went to trial.

25              I want you to listen carefully to what the

1  government's attorney will state because I will have

2  some questions for you afterwards about that statement.

3              THE COURT:  Mr. Roberts?

4              MR. ROBERTS:  Thank you, Your Honor.  Your

5  Honor, at trial, the government would show that around

6  August 2015, the defendant Thomas Darwish met a then

7  15-year old minor female on an Internet social media

8  website.

9              Mr. Darwish, who was 24 years old at the

10  time, and the minor engaged in conversation that

11  eventually led to sharing images and contact by texting

12  and use of another Internet sites and a cellular

13  telephone application called Kik messenger.  The pair

14  began to have an online sexual relationship.

15  Eventually, Mr. Darwish and the minor met on at least

16  one occasion between August 1st and September 25th -- I

17  believe it actually was September 26, 2015, traveled

18  from Oxford, Mississippi, where the minor resides and

19  where Mr. Darwish had moved to after meeting the minor

20  online to Senatobia in Tate County, Mississippi.  Once

21  at Senatobia, Mr. Darwish and the minor obtained a hotel

22  room and had sexual intercourse numerous times.  At that

23  time she was 15 and he was, again, 24.

24              Officials at Oxford High School became

25  aware of the relationship and alerted police and also

1 the victim's -- the minor's parents.  The Oxford Police

2 Department obtained a search warrant and searched the

3 minor's school assigned computer and also her personal

4 cellular telephone, which was given to them by her

5 parents.  On both devices, officers found incriminating

6 evidence including a Kik messenger chat log that

7 implicated Mr. Darwish in this relationship.  They also

8 found photos that he had taken, apparently, of his penis

9 and photos of the minor that she had taken spreading her

10 labia and sending them to the defendant.

11          The Kik messenger chat log also indicated

12 the these visual depictions had been sent between the

13 two up through and including March of 2016 when the

14 relationship was discovered.  Meta data from the images

15 of the --  the photos of minor's genitalia indicates

16 that the images of the minor had been taken at her

17 residence in Oxford, Lafayette County, Mississippi.  In

18 the Kik messenger chat log, Your Honor, the defendant

19 and minor, the pair, talked about their trip to

20 Senatobia and the minor also talked about engaging in

21 sex with Darwish in Senatobia with a friend.  I

22 excerpted and part of the chat log.  We'll just say that

23 she admits in there that they had sex several times and

24 that she had actually lied to her parents about where

25 she was when it occurred.  I'm not going to detail the

1   rest of it.

2   Your Honor, on the minor's cellular

3   telephone, officers found photos of her and Darwish and

4   the meta data associated with those photos indicate the

5   images were taken on September 26, 2015, at a latitude

6   and longitude address that coincides with America's Best

7   Value Inn & Suites which is located just to the left of

8   Interstate 55 in Tate County, Senatobia, Mississippi.

9   Once the investigation became known, the

10  evidence shows that Mr. Darwish left Oxford and moved to

11  Florida, apparently back to his father's residence.  A

12  federal criminal complaint was obtained and Mr. Darwish

13  was arrested near Orlando, Florida, on the charge, on

14  this instant charge.

15  By judicial notice, the government would

16  show that both Lafayette County and Tate County,

17  Mississippi, are located within the Northern Judicial

18  District of Mississippi.

19  The government would also show by judicial

20  notice that Mississippi Law makes it illegal for a

21  person over 18 years of age to have sexual intercourse

22  or sexual contact with a minor who is least three years

23  younger than the person and who is under the age of 16.

24  Those sexual relations and activity are criminalized as

25  either statutory rape under Mississippi Code Section

1    97-3-65(a) or sexual battery of a minor under

2    Mississippi Code Section 97-3-95(1)(c).  The government

3    would show also that the relationship and details and

4    arranging to go to Senatobia were done by cellular

5    telephone communications and by the Internet

6    communications.

7              THE COURT:  All right.

8    BY THE COURT:

9        Q.   Mr. Darwish, now, the government's attorney

10   said a lot.  At the end there, he mentioned something

11   about things being in violation of Mississippi law and

12   that type of thing.

13             What I want to focus on are the facts.

14   Those facts, in particular, that concern your conduct.

15   Let me ask you, based upon what the government's

16   attorney has said with regard to your conduct, first,

17   did you understand everything that he said?

18       A.   Yes, Your Honor.

19       Q.   With regard to what the government's attorney

20   said about your conduct specifically, based on the

21   statement that he just put into the record, is it

22   correct that what he said about your conduct is true?

23       A.   I don't believe that I seduced her, but I

24   believe that --

25             MR. DAVIS:  May I have a moment, Your

1    Honor?

2                    THE COURT:   You may.

3                    (Mr. Davis had an off-the-record discussion

4    with the defendant.)

5    THE WITNESS CONTINUED:

6        A.   I agree with it, Your Honor.

7    BY THE COURT:

8        Q.   Let me ask you that question again and make

9    sure that our record is clear and to make sure that you

10   understand the question that I'm asking you.

11                   With regard to what the government's

12   attorney stated about you and about your conduct, is

13   that statement true and correct?

14       A.   Yes, Your Honor.

15       Q.   Do you have any questions about that statement

16   or anything that you would like to add with respect to

17   having the Court being advised of your conduct?

18       A.   No, Your Honor.

19       Q.   Are you voluntarily pleading guilty of your own

20   free will because you are, in fact, guilty?

21       A.   Yes, Your Honor.

22       Q.   Has anyone threatened you or threatened anyone

23   else or in any way attempted to force you to plead

24   guilty?

25       A.   No, Your Honor.

```
 1              THE COURT:  Is there anything else counsel
 2   wish the Court to ask in terms of complying with Rule
 3   11?
 4              MR. ROBERTS:  Nothing from the government,
 5   Your Honor.
 6              MR. DAVIS:  Not from the defense, Your
 7   Honor.
 8              THE COURT:  The Court, then, finds there is
 9   a factual basis for this defendant to plead guilty to
10   the charge.
11   BY THE COURT:
12      Q.   Mr. Darwish, the next set of questions I will
13   ask you, after I ask you a few initial ones about your
14   representation, concern your constitutional rights and,
15   in particular, your waive of those rights.
16              Before I start that series of questions,
17   let me first ask whether or not you have had sufficient
18   opportunity to speak with your attorney and discuss your
19   case?
20      A.   Yes, Your Honor.
21      Q.   Are you satisfied with your attorney's
22   representation of you?
23      A.   Yes, Your Honor.
24      Q.   Do you believe that your attorney has
25   represented your best interests in this matter?
```

1       A.   Yes, Your Honor.

2       Q.   Now, do you understand that you have the right

3 to maintain a plea of not guilty?

4       A.   Yes, Your Honor.

5       Q.   Do you understand that, under the Constitution

6 and the laws of the United States, you are entitled to a

7 speedy and public trial by jury on the charges against

8 you?

9       A.   Yes, Your Honor.

10       Q.   Do you understand that at a trial, you would be

11 presumed innocent of the charges and the government

12 would be required to prove your guilt beyond a

13 reasonable doubt before you could be found guilty?

14       A.   Yes, Your Honor.

15       Q.   Do you understand that you would not be

16 required to prove your innocence at a trial?

17       A.   Yes, Your Honor.

18       Q.   Do you also understand that, during a trial,

19 the witnesses for the government would have to come into

20 court and testify in your presence, that your attorney

21 could cross-examine these witnesses for the government,

22 and that your attorney could also call other witnesses

23 to testify on your behalf?

24       A.   Yes, Your Honor.

25       Q.   Do you understand you have the right at trial

1  to compel the attendance of witnesses, in other words,

2  require them to come to court?

3      A.  Yes, Your Honor.

4      Q.  Do you also understand if you wish to testify

5  yourself in your own defense, you would have the right

6  at trial to do so?

7      A.  Yes, Your Honor.

8      Q.  Now, at trial, if you chose not to testify in

9  your own defense, do you understand the fact that you

10  did not testify could not be used against you?

11      A.  Yes, Your Honor.

12      Q.  Do you understand that if you had a trial and

13  were convicted, you would have the right to appeal your

14  conviction and your sentence?

15      A.  Yes, Your Honor.

16      Q.  If you plead guilty here today, Mr. Darwish,

17  and the Court accepts your plea, do you understand that

18  you are going to waive your right to trial by jury along

19  with all of the other constitutional rights that I have

20  just discussed with you?

21      A.  Yes, Your Honor.

22      Q.  So you understand, then, that if the Court

23  accepts your plea, there is not going to be a trial and

24  I'm going to enter a judgment of guilty and sentence you

25  on the basis of that judgment after considering a

1  presentence report?

2       A.   Yes, Your Honor.

3       Q.   Now, do you have any questions at all about

4  these rights?

5       A.   No, Your Honor.

6       Q.   Has your attorney, in particular, discussed the

7  waiver of these constitutional rights with you --

8       A.   Yes, Your Honor.

9       Q.   -- meaning that you would be giving them up?

10      A.   Yes, Your Honor.

11      Q.   Now, having discussed rights with your

12  attorney, including your right to waive certain matters,

13  is it still your wish to plead guilty to Count Three of

14  the indictment?

15      A.   Yes, Your Honor.

16      Q.   Now, before I ask you the next question, Mr.

17  Darwish, do you have any questions or concerns about

18  these proceedings or about anything we have discussed

19  thus far?

20      A.   No, Your Honor.

21      Q.   In the matter, then, of the *United States*

22  *versus Thomas Muhammad Darwish*, do you plead guilty or

23  not guilty to Count Three of the indictment?

24      A.   Guilty, Your Honor.

25                THE COURT:  It is the finding of the Court,

1  then, in the case of *United States versus Thomas*
2  *Muhammad Darwish*, the defendant is fully competent and
3  capable of entering an informed plea, that the defendant
4  is fully aware of the nature of the charges and of the
5  consequences of the plea, and that the plea of guilty is
6  a knowing and voluntary plea supported by an independent
7  basis in fact containing each of the essential elements
8  of the offense and not the result of force, threats, or
9  promises.  The plea is, therefore, accepted, and the
10 defendant is now adjudged guilty of the offenses.

11         The Court, however, only conditionally
12 accepts the Plea Agreement as to the parties' agreement
13 of the term of incarceration for the defendant's
14 sentence.

15    Q.  Mr. Darwish, a written presentence report will
16 be prepared by the probation officer to assist the Court
17 with sentencing.  The probation officer will question
18 you for purposes of that report, and I encourage you to
19 be as open, honest, and forthright in your responses to
20 those questions because they will be incorporated into
21 the presentence report and I read absolutely every word
22 of that document in making my decision about what an
23 appropriate sentence is.

24         While the probation officer is questioning
25 you, you may have your attorney present while that

1  occurs.  Also, after the presentence report has been

2  prepared, we are going to have the sentencing hearing.

3              At that sentencing hearing, you will have

4  the right, if you choose to exercise it, to tell the

5  Court anything you would like in your own words that you

6  want the Court to consider with respect to determining

7  your sentence.  Now, after the presentence report has

8  been prepared, as well, you will have the chance to

9  review it, you and your attorney as well as the

10 government's attorney.  If you see anything in that

11 report that you would like to challenge whether there

12 are reported facts or the application of the guidelines

13 to your case, then those are objections that you can

14 make and they will be advised -- the Court will be

15 advised about them through your attorney.  You will have

16 the opportunity to look at those things and actually

17 raise any challenges to it that you wish.

18             Now, I am going to enter an order setting

19 the date for your sentencing hearing as March 16, 2017.

20             THE COURT:  Does anyone today, Counsel,

21 know of any reason why that date is not going to work?

22 I believe it is a Thursday.

23             MR. ROBERTS:  I'm not aware of any.

24             MR. DAVIS:  Nor am I, Your Honor.

25 BY THE COURT:

1      Q.   Mr. Darwish, that will be the date going into

2   this order setting sentencing.  If for some reason the

3   presentence report is prepared earlier and it is

4   available earlier for the Court to review, then there is

5   a possibility your sentencing hearing may be set earlier

6   than March 16th.  By the same set of circumstances, or

7   at least unforeseen circumstances, there may be an

8   opportunity for someone to ask for an extension for some

9   other reason, including some of the deadlines in that

10  report; so there is a possibility that the sentencing

11  could occur after March 16th as well if we run into

12  issues, I guess, in regard to having the presentence

13  report prepared or for some reason counsel or yourself

14  should consider additional matters.

15             For now, we are looking at March 16, 2017.

16      A.   Thank you, Your Honor.

17             THE COURT:  Is there anything further from

18  anyone with regard to this matter?

19             MR. ROBERTS:  Not from the government, Your

20  Honor.

21             MR. DAVIS:  Not from the defense, Your

22  Honor.

23             THE COURT:  Given that and there being

24  nothing further, then, the defendant is remanded to the

25  custody of the United States Marshal; and this matter is

1   concluded.

2                    MR. ROBERTS:  Thank you, Your Honor.

3                    THE DEFENDANT:  Thank you, Your Honor.

4                    (The change of plea hearing is concluded at

5   11:41 p.m.)

1                    C E R T I F I C A T E

2

3        "I, Susan L. Alford, Official Court Reporter for

4    the United States District Court, Northern Division,

5    Greenville, Mississippi, certify that the foregoing is a

6    correct transcript to the best of my ability from the

7    record of the proceedings in the above-entitled matter."

8

9

10

11   \s\ Susan L. Alford                    May 30, 2017

12   Signature of Court Reporter        Date

13

14

15

16

17

18

19

20

21

22

23

24

25